June 28, 2006

The Honorable John S. Holleman
Polk County Criminal District Attorney
Post Office Box 1717
Livingston, Texas 77351

Opinion No. GA-0442

Re: Whether a county auditor who violates Local Government Code section 84.007(b)(2) has committed "official misconduct" and whether a violation of section 84.007(b)(2) can be cured retroactively (RQ-0420-GA)

Dear Mr. Holleman:

You ask whether a county auditor who violates Local Government Code section 84.007(b)(2) has committed "official misconduct" and whether a violation of section 84.007(b)(2) can be cured retroactively.[1]

## I.    Background and questions

You provide us with the following background information: The Polk County Auditor serves as the president of 512 West Church, Inc., a corporation that leases commercial real estate. *See* Request Letter, *supra* note 1, at 1. On February 17, 2004, Polk County entered into a one-year agreement to lease a commercial building from 512 West Church, Inc. *See id.* (Exhibit A). The Polk County Auditor signed the lease on the corporation's behalf as "President Lessor." *Id.* at 1. Local Government Code section 84.007, however, provides that a county auditor must take an oath that states the auditor "will not be personally interested in a contract with the county." TEX. LOC. GOV'T CODE ANN. § 84.007(b)(2) (Vernon 1999). In light of these facts, you suggest that the Polk County Auditor has violated the oath, and thus you ask three questions related to such a violation:

> 1.   Does a county auditor's violation of his oath of office, as set forth in Section 84.007(b)(2) of the Local Government Code, constitute "official misconduct" under Local Government Code, Section 84.009(2)?

---

[1]Letter from Honorable John S. Holleman, Polk County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Nov. 22, 2005) (on file with the Opinion Committee, *also available at* www.oag .state.tx.us) [hereinafter Request Letter] .

2.    What remedies are available to rectify a county auditor's violation of his oath of office established by Section 84.007(b)(2) of the Local Government Code?

3.    Will a county auditor's subsequent divestment of any personal interest in an existing contract with a county "cure" a prior violation of the auditor's oath of office as established under Section 84.007(b)(2) of the Local Government Code?

Request Letter, *supra* note 1, at 1.

## II.    Analysis

### A.    "Official misconduct"

You first ask whether a violation of Local Government Code section 84.007(b)(2) is "official misconduct" under section 84.009 and therefore warrants an auditor's removal. *See id.; see also* TEX. LOCAL GOV'T CODE ANN. § 84.007(b)(2) (Vernon 1999) (requiring auditor's oath not to be personally interested in a county contract). Section 84.009 provides in relevant part that "[a] county auditor may be removed from office and a successor appointed if, after due investigation by the district judges who appointed the auditor, it is proven that the auditor . . . has committed *official misconduct*[.]" TEX. LOC. GOV'T CODE ANN. § 84.009(a)(1) (Vernon 1999) (emphasis added). Neither section 84.009 nor any other provision in chapter 84 defines "official misconduct." *See id.* §§ 84.001–.902 (Vernon 1999 & Supp. 2005). Rather, the term "official misconduct" is defined in Local Government Code chapter 87, which contains the general removal provisions for county officers. *See id.* §§ 87.001–.043 (Vernon 1999). Section 87.011 provides that:

> "Official misconduct" means intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law.

*Id.* § 87.011(3).

A county auditor is an officer entrusted with the execution of the law. *See* Tex. Att'y Gen. Op. No. GA-0360 (2005) at 1 (describing a county auditor's appointment and duties). Section 84.007(b)(2) prohibits a county officer from having a direct personal or pecuniary interest in any county contract. *See id.* at 6 (citing past opinions from this office that analyze various county auditor interests prohibited by section 84.007(b)(2)). Thus, an auditor who has a personal interest in a county contract has engaged in unlawful behavior related to the auditor's official duties. If the violation was intentional, a necessary element of the offense, *see* TEX. LOC. GOV'T CODE ANN. § 87.011(3) (Vernon 1999) (requiring "*intentional*, unlawful behavior") (emphasis added), then an auditor has engaged in official misconduct. Whether the violation was intentional, however, is a fact

question for the district judges to determine in the first instance. *See id.* § 84.009(a) ("A county auditor may be removed . . . by the district judges . . . ."); Tex. Att'y Gen. Op. No. GA-0360 (2005) at 10 ("It would be for the district judges to determine in the first instance whether a county auditor has committed official misconduct or is incompetent."). Provided that the district judges establish that the county auditor, in violating the auditor's oath, committed official misconduct, then the auditor could be removed from office. But the district judges have discretion to prosecute the auditor's removal. *See* TEX. LOC. GOV'T CODE ANN. § 84.009(a) (Vernon 1999) ("A county auditor *may* be removed . . . by the district judges . . . .") (emphasis added).

## B. Remedies

You next ask what remedies beyond removal are available when a county auditor violates the auditor's oath. *See* Request Letter, *supra* note 1, at 1. Though you speak in terms of remedies, we understand your question to be about the legal consequences for a county auditor who violates the auditor's oath. *See id.* at 3 (questioning whether, beyond removal, there are other remedies "available to address a violation of the Auditor's oath"). Most criminal and civil penalties have an element of intent, which is intensely fact dependent. You have given us very few facts related to the Polk County Auditor's personal interest in the contract. *See generally id.* Thus, it would be too speculative for us to determine whether a criminal and civil penalty could be a legal consequence of the Polk County Auditor's actions. To reiterate, whatever the potential legal consequences of an oath violation might be, beyond removal, the legislature has seen fit through Local Government Code chapter 84 to invest substantial discretion in a county's district judges to regulate a county auditor's conflicts of interest.

## C. Subsequent divestment of personal interest

You last ask: "Will a county auditor's subsequent divestment of any personal interest in an existing contract with a county 'cure' a prior violation of the auditor's oath . . . ." *See id.* at 1. We can find no law that permits a county auditor to cure the auditor's oath violation through a subsequent change in the auditor's personal interest in an existing county contract. As for any legal consequences resulting from section 84.007(b)(2)'s violation, a subsequent divestment of personal interest may be a fact for the district judges to consider in exercising their discretion to determine whether a county auditor has committed official misconduct.

# S U M M A R Y

A county auditor who has a personal interest in a county contract in violation of Local Government Code section 84.007(b)(2) may have committed "official misconduct" as this term is used in Local Government Code section 84.009, which provides for a county auditor's removal under certain circumstances. Whether a county auditor has committed official misconduct is for the district judges who appointed the county auditor to decide in the first instance. It is also within the district judges' discretion whether to proceed with removal.

No law permits a county auditor to cure a violation of section 84.007(b)(2) through the auditor's subsequent action. Thus, a county auditor may not cure a violation of Local Government Code section 84.007(b)(2) by divesting himself of his interest in the county contract subsequent to the oath's violation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee